**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**VS.** **CR**

**SOUVANH KEOSOUVANH**

---

**MOTION IN LIMINE TO EXCLUDE 404(b) EVIDENCE**

Now comes the defendant, Souvanh Keosouvanh, by and through his attorney and moves this honorable court to enter an order precluding the government from admitting any evidence of prior bad acts of the defendant at trial, and from mentioning such alleged acts in opening statement, summation or during any other part of the trial. The government has provided police reports relating to Mr. Keosouvanh's conviction in Rhode Island in 2001.

This motion is made pursuant to Rule 403 and Rule 404(b) of the Federal Rules of Evidence and is based upon the attached Memorandum of Law.

SOUVANH KEOSOUVANH
By His attorney,

/s/Mary S. McElroy, Esquire
Assistant Federal Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528-4281
(401) 528-4285 fax
Mary_mcelroy@fd.org

CERTIFICATION

I hereby certify that I caused a copy of the within Motion to be delivered to Peter Neronha, AUSA on May 19th 2008.

/s/Mary S. McElroy, Esquire

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**VS.** **CR 07-138 -S**

**SOUVANH KEOSOUVANH**

---

**MEMORANDUM IN SUPPORT OF**
**MOTION IN LIMINE TO EXCLUDE 404(b) EVIDENCE**

Defendant, Souvanh Keosouvanh submits this memorandum in support of his motion in limine to exclude evidence of his prior conviction. In the current case Mr. Keosouvanh was arrested and charged with conspiracy to violate the Hobbs Act 18 U.S.C. §1951(b)(3) and conspiracy to possess with intent to deliver cocaine in violation of 28 U.S.C. 841(a)(1) and (b)(1)(A). He is also charged with gun charges and other charges relating to the government's reverse sting operation in this case.

In their response to discovery, the government has provided police reports relating to a 2001 robbery that took place in Warwick Rhode Island and resulted in Mr. Keosouvanh's plea of guilty to various charges of conspiracy, breaking and entering and robbery.

Admission of a prior conviction under Rule 404(b) is not automatic. The evidence must be probative for some legitimate purpose and must not be substantially more prejudicial than probative.

In *United States v. Lynn*, 856 F,2d 430, 436-437 (1st Cir. 1988), the Court of Appeals for the First Circuit reversed a marijuana trafficking conviction in part as a result of the improper admission of the defendant's prior marijuana conviction. In *Lynn* the First Circuit held that "there must be some articulable inference for the jury to draw from the pervious offense other

than that the defendant had the bad character and therefore more probably had the intent to commit the crime he is now charged with..." *Id* at 436.

In Mr. Keosouvanh's prior case he plead guilty to some of the charges against him. Although, at first, the allegations in that case and the crime created by the government in this case to catch Mr. KEOSOUVANH in a reverse sting appear to be similar, the allegations in the first case were untested by a jury trial. Mr. Keosouvanh plead guilty to some counts but the specifics of his actions were never adjudicated[1] It is therefore difficult to establish a common motive or pattern of behavior between that case and this one.

Rule 403 of the Federal Rules of Evidence allows for the exclusion of relevant evidence if the probative value of the evidence is substantially outweighed by the potential for "unfair prejudice, confusing of the issues, or misleading the jury." Certainly the evidence of the prior conviction would be far more prejudicial than probative. The probative value is minimal at best given the fact that the prior evidence was untested by trial and Mr. Keosouvanh's role was not sufficiently determined by credible evidence.

Mr. Keosouvanh will be prejudiced in the extreme if evidence of his prior conviction is admitted. When the jury hears that he was convicted of the same type of offense with which he is charged in the present case, it will be unable to resist drawing the very propensity inference which is barred by Rule 404(b). The probative value of the prior conviction is minimal. Certainly the danger of unfair prejudice as well as confusion far outweigh any minimal probative value of Mr. Keosouvanh's prior conviction.

---

[1] It is important to note that, in this case, since the **government created** this robbery scenario they controlled the facts and were able to construct a scenario as similar to Mr. Keosouvanh's prior case as they chose. It demonstrates more the government's awareness of Mr. Keosouvanh's prior conviction than it does of a pattern of behavior.

Mr. Keosouvanh respectfully requests that this honorable court enter an order precluding the government or any of its witnesses from making reference to his prior conviction or any other prior bad acts alleged on the part of Mr. Keosouvanh. In addition Mr. Keosouvanh asks that the court enter an order precluding the government from presenting any of the portions of video and/or audiotape that include discussion of any such acts.

SOUVANH KEOSOUVANH
By His attorney,

/s/Mary S. McElroy, Esquire
Assistant Federal Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528-4281
(401) 528-4285 fax
Mary_mcelroy@fd.org

CERTIFICATION

I hereby certify that I caused a copy of the within Motion to be delivered to Peter Neronha, AUSA on May 19th 2008.

/s/Mary S. McElroy, Esquire