UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 07-0138 S |
| | ) | |
| SOUVANH KEOSOUVANH | ) | |

MOTION IN LIMINE TO EXCLUDE CO-DEFENDANTS' STATEMENTS

Now comes Souvanh Keosouvanh, the Defendant in the above captioned matter, and moves this Honorable Court to exclude statements made by the unindicted co-defendants in this matter from being presented as evidence of a conspiracy in this trial. Mr. Keosouvanh submits the attached memorandum in support of this request.

Respectfully submitted
Souvanh Keosouvanh
By his attorney,

/s/ Mary S. McElroy, 4830
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
mary_mcelroy@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Peter Neronha, Assistant United States Attorney, on May 20, 2008.

/s/Mary S. McElroy, 4830

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 07-138S |
| | ) | |
| SOUVANH KEOSOUVANH | ) | |

---

MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE CO-DEFENDANTS' STATEMENTS

Mr. Keosouvanh has moved this Court to exclude statements of his co-defendants from use as proof of a conspiracy between them and Mr. Keosouvanh. In the course of the government's investigation in this case it made a number of audio and video recordings of conversations with Mr. Keosouvanh. Mr. Keosouvanh's co-defendants were also recorded and the Defense believes the government will attempt to use those statements to prove the conspiracy counts. Without an initial showing of independent evidence of conspiracy separate and apart from the statements, the government cannot present the out of court statements of co-defendants for the purpose of proving conspiracy.

Generally, out of court statements may not be presented in evidence; they are considered hearsay. Fed. R. Evid 801. There are many exceptions to the hearsay rule which allow use of such statements based on the belief that they were uttered under conditions which bolster their general credibility. The exception at issue here is the statement of a co-conspirator. A statement made by a member of a conspiracy during in furtherance of the conspiracy may be offered against another member of the conspiracy as non-hearsay. Fed. R. Evid. 801 . . . The exception, however, is limited.

Pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence, statements that would otherwise be hearsay are admissible if they are made "by a co-conspirator of a party during the course and in furtherance of the conspiracy". For a declaration by one defendant to be admissible against other defendants under this subsection of Rule 801, the Government must establish that "it is more likely than not that the declarant and the defendant were members of a conspiracy when the statement was made, and that th statement was in furtherance of the conspiracy." *U.S. v. Newton*,

326 F.3d 253, 257 (1[st] Cir. 2003). While the court can consider the statement itself, there must be some extrinsic evidence, which together with the hearsay statement is sufficient to show, more likely than not, that a conspiracy existed. *United States v. Sepulveda*, 15 F.3d 1161, 1182 (1[st] Cir. 1993).

In the present case, any out of court statements by co-conspirators which the government seeks to admit at trial should be carefully reviewed by the Court before their admission, and should be admitted only if the government satisfies the burden set forth above. The Court may conditionally admit the statements before making its determination. *United States v. Petrozziello*, 548 F.2d 20, 23 (1[st] Cir. 1980). In order to minimize any prejudicial impact of such statements, the Court should make a determination as to their admissibility before the statements are presented to the jury. Otherwise, if the Court allows the statements to be admitted subject to the government satisfying its burden of proof later during the trial, and the government fails to satisfy that burden, the jury will have heard the damaging statements and will have difficulty not considering them in their deliberations, even if the Court gives a curative instruction.

Respectfully submitted
Souvanh Keosouvanh
By his attorney,

/s/ Mary S. McElroy, 0006
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
mary_mcelroy@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Peter Neronha, Assistant United States Attorney, on May 20, 2008.

/s/ Mary S. McElroy