**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CR-07-138S** |
| **SOUVANH KEOSOUVANH** | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO SEVER COUNT FIVE**

The defendant is charged in the Indictment with nine counts: conspiracy to possess cocaine with intent to distribute (Count 1); possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 2); conspiracy to commit a Hobbs Act robbery (Count 3); possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 4); being a felon in possession of a firearm (Count 5); and four counts of distributing ecstasy (Counts 6, 7, 8 and 9). Citing a single case, from the D.C. Circuit, he now moves to sever the felon-in-possession count, Count Five, on the grounds that trial of that count with the Indictment's other eight will result in "incurable" prejudice because it will bring to the jury's attention his previous conviction for conspiracy, home invasion and armed robbery. The problem for the defendant, however, is that the case he cites does not support his argument, and in any event, under clear

First Circuit precedent, all nine counts are properly joined, and there is no valid basis for severance.

**ARGUMENT**

Under Federal Rule of Criminal Procedure 8(a), "[j]oinder is proper if the offenses charged 'are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.'" United States v. Boulanger, 444 F.3d 76, 87 (1st Cir. 2006)(quoting Fed.R.Crim.P. 8(a)). The First Circuit has "construed this rule generously in favor of joinder", holding that "'[s]imilar' does not mean 'identical', and we assess similarity in terms of how the government saw its case at the time of indictment." Id. (quoting United States v. Melendez, 301 F.3d 27, 35 (1st Cir. 2002)). "'In determining whether counts are properly joined for trial, we historically have considered whether the charges are laid under the same statute, whether they involve similar victims, locations or modes of operation, and the time frame in which the charged conduct occurred.'" Id. (quoting United States v. Taylor, 54 F.3d 967, 973 (1st Cir. 1995)).

There can be no serious dispute that all nine counts of the Indictment are properly joined under Rule 8(a). All nine counts arise out the same series of events which took place in March and April of 2007. At that time undercover ATF Special Agent Wing Chau met and spoke by telephone with the defendant several times. On

four separate occasions, the defendant delivered ecstasy to Special Agent Chau -- these deliveries are charged in Counts Six, Seven, Eight and Nine. During their meetings and telephone conversations, the defendant agreed to obtain a “crew” to conduct an armed robbery of cocaine dealers. The conspiracy came to a head on April 26, 2007, when the defendant and his “crew”, Nheat Nhim, Vixay Phommarath and Khek Choummlaithong, got into Special Agent Chau’s car and drove to a storage facility in Cranston to stage for the robbery. Nihm, Phommarath and Choummalaithong all possessed loaded firearms. The defendant took possession of a handgun which Special Agent Chau provided at his request. The Indictment’s conspiracy counts, the 924(c) counts, and the felon in possession count all arise out of these same facts. They are plainly based on the “same act or transactions”, or are “connected with or constitute parts of a common scheme or plan.” Boulanger, 444 F.3d at 87. They are therefore properly joined under Rule 8(a).

Federal Rule of Criminal Procedure 14(a) provides, in pertinent part: “If the joinder of offenses . . . in an indictment . . . appears to prejudice the defendant or the government, the court may order separate trials of the counts . . . .” The defendant claims that he will suffer “unwarranted, incurable” prejudice if Count Five, the felon-in-possession count, is not severed, because otherwise the jury will learn of his 2001 conviction for conspiracy, armed robbery and home invasion, evidence that would not be admitted with

respect to the other counts of the Indictment. As the First Circuit has stated, however, "[s]ome prejudice results in almost every trial in which the court tries more than one offense together." United States v. Richardson, 515 F.3d 74, 81 (1st Cir. 2008)(citing United States v. Burgos, 254 F.3d 8, 13-14 (1st Cir. 2001)). "Garden variety prejudice [] will not, in and of itself, warrant severance." Id. Here, First Circuit precedent makes plain that any prejudice that the defendant may suffer as a result of all counts being tried together is at best "garden variety", and thus the felon-in-possession count in this case should not be severed.

As a threshold matter, to the extent that the defendant intends to present an entrapment defense at trial, his motion is dead on arrival. Such a defense makes his prior conviction relevant to all of the Indictment's counts on precisely the same issue: predisposition. "Entrapment is an affirmative defense." United States v. Shinderman, 515 F.3d 5, 14 (1st Cir. 2008). "To undergird that defense, the accused must make a prima facie showing both that the government induced the commission of the charged crime and that he (the accused) lacked a predisposition to engage in it." Id.[1] To establish predisposition, it is well-settled that the government

[1] To meet this "entry-level burden", "[t]he defendant must adduce 'some hard evidence' that 'governmental actors induced [him] to perform a criminal act he was not predisposed to commit.'" Id. (quoting United States v. Rodriguez, 858 F.2d 809, 814 (1st Cir. 1988)). Once a defendant meets this burden, "the government must prove beyond a reasonable doubt that no entrapment occurred." Id.

may offer evidence of the defendant's prior bad acts, let alone convictions. United States v. Van Horn, 277 F.3d 48, 57 (1st Cir. 2002)("[I]n situations where the defendant employs entrapment as a defense to criminal liability, prior bad acts relevant to a defendant's predisposition to commit a crime are highly probative and can overcome the Rule 404(b) bar."); United States v. Houle, 237 F.3d 71, 78 (1st Cir. 2001)("other acts that bear on a defendant's predisposition to commit a crime are highly probative when, like here, the defendant claims entrapment"). This is because, as the Supreme Court held over seventy-five years ago, "'if the defendant seeks acquittal by reason of entrapment he cannot complain of an appropriate and searching inquiry into his own conduct and predisposition as bearing upon that issue.'" United States v. Russell, 411 U.S. 423, 429 (1973)(quoting Sorrells v. United States, 287 U.S. 435, 451 (1932)). Furthermore, the evidence that may be admitted is not limited to the prior conviction itself, because "'it really is the underlying conduct, perhaps more than the conviction itself, which becomes a material issue concerning the previous offense.'" Van Horn, 277 F.3d at 58 (quoting United States v. Reed, 977 F.2d 14, 16 (1st Cir. 1992)).

Accordingly, if the defendant raises an entrapment defense here, there can be no prejudice from trying the felon-in-possession count with the remaining counts of the Indictment. In the trial of those remaining counts, the jury will hear not only of his conviction,

but also the facts underlying that conviction. Under these circumstances, severance of Count Five would fly in the face of judicial economy.

Even if the defendant does not intend to raise an entrapment defense, his motion to sever still goes nowhere. Time after time, the First Circuit has rejected the argument that the inclusion of a felon-in-possession count in a multi-count indictment requires severance. In United States v. Rose, for example, the defendant was charged with conspiracy to commit bank robbery and being a felon in possession of a firearm. 104 F.3d 1408, 1410 (1st Cir. 1997). On appeal, the defendant challenged the District Court's refusal to sever the felon-in-possession count from the bank robbery count, claiming that he had been prejudiced as a result. Id. at 1415. The First Circuit flatly rejected the argument:

> Nor did the trial court abuse its discretion in failing to sever the felon-in-possession count. [The defendant] argues that if that count had been severed, the jury would never have known of his status as a convicted felon. He asserts that this information tainted him in the eyes of the jury and resulted in his conviction on the conspiracy count. The felon-in-possession charge was properly tried with the other charges because it arose out of the same occurrence. Any prejudice was limited because [the defendant] stipulated to his status as a prior convicted felon. Consequently, the government was not permitted to put on evidence concerning the number and nature of [the defendant's] prior felony convictions.

Id. at 1416.

Similarly, in United States v. Turner, the defendant was charged with conspiracy to commit a Hobbs Act robbery, attempt to commit a Hobbs Act robbery, two counts of carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c), and two counts of being a felon-in-possession of a firearm. 501 F.3d 59, 65 (1st Cir. 2007). The defendant in Turner argued on appeal that the District Court had "erred in refusing to sever his felon-in-possession counts", claiming prejudice as a result. Id. at 72. The First Circuit again rejected this argument, holding:

> The felon-in-possession counts were properly tried with the other counts because they arose out of the same conduct. In addition, any possible prejudice was limited by [the defendant's] stipulation to his status as a convicted felon. Moreover, and in any event, as discussed above, his prior convictions were properly a part of the government's rebuttal of his entrapment defense.

Id. (citations omitted).

The First Circuit reached the same result in United States v. Boulanger, 444 F.3d 76 (1st Cir. 2006). There, the defendant was charged with robbery of a controlled substance, use of a firearm in a crime of violence in violation of 18 U.S.C. § 924(c), being a felon in possession of a firearm, possession with intent to distribute a controlled substance, and distribution of a controlled

substance. 444 F.3d at 80-81. In upholding the District Court's refusal to sever the felon-in-possession count and the drug counts from the robbery and § 924(c) counts, the First Circuit stated: "[w]e have held that there is no abuse of discretion when a district court does not sever a count for being a felon in possession of a firearm when the parties stipulated to the prior conviction without detailing the nature of the acts involved in the conviction." Id. at 88 n.16 (citing United States v. Neal, 36 F.3d 1190, 1207 (1st Cir. 1994)). Precedent from other Circuits is consistent with that of the First Circuit. E.g., United States v. Rhodes, 32 F.3d 867, 871-72 (4th Cir. 1994); United States v. Burgess, 791 F.2d 676, 678-79 (9th Cir. 1986); United States v. Mayhew, 337 F.Supp.2d 1048, 1059-60 (S.D. Ohio 2004).

In support of his motion, the defendant cites a single case, United States v. Daniels, 770 F.2d 1111 (D.C. Cir. 1985). Setting aside the fact that this case is not from the First Circuit and thus is not controlling here, it does not even support the defendant's argument. The defendant seems to suggest that Daniels established a per se rule requiring severance whenever a felon-in-possession count is joined with other charges in an Indictment. He misreads Daniels. Indeed, in Daniels, the D.C. Circuit found no abuse of discretion by the District Court in refusing to sever the felon-in-possession count, given that the parties stipulated to the prior conviction, the jury was not informed of the nature of the

prior offense, and was given a limiting instruction. 770 F.2d at 1114, 1118.

Here, as required by the Supreme Court's decision in Old Chief v. United States, 519 U.S. 172, 174 (1997), the government has offered to stipulate to the defendant's prior conviction for purposes of proving the Indictment's felon-in-possession count. That stipulation, attached hereto as Exhibit A, was sent to defense counsel in March of 2008. The stipulation makes no reference to the nature of the defendant's prior conviction. Under these circumstances, the defendant cannot make any showing of prejudice resulting from a failure to sever Count Five. His motion should therefore be denied.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Peter F. Neronha
PETER F. NERONHA
Assistant U.S. Attorney
RI Bar No. 5327
U.S. Attorney's Office
50 Kennedy Plaza – 8th Fl.
Providence, RI 02903
Tele: (401) 709-5000
FAX: (401) 709-5001
peter.neronha@usdoj.gov

Dated: May 27, 2008

## Certificate of Service

I hereby certify that on the 27th day of May, 2008, a copy of the within "Government's Opposition To Defendant's Motion To Sever Count Five" was served by way of the Electronic Filing System on Mary S. McElroy, Esq., Assistant Federal Defender and Counsel for the Defendant, 10 Weybosset Street, 3rd Floor, Providence, RI 02903.

/s/ Peter F. Neronha
PETER F. NERONHA
Assistant U.S. Attorney
RI Bar No. 5327
U.S. Attorney's Office
50 Kennedy Plaza – 8th Fl.
Providence, RI 02903
Tele: (401) 709-5000
FAX: (401) 709-5001
peter.neronha@usdoj.gov