**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CR-07-138S** |
| **SOUVANH KEOSOUVANH** | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S "MOTION IN LIMINE TO EXCLUDE TESTIMONY OF ROBERT HATHAWAY"**

The defendant, charged in the Indictment with, inter alia, conspiracy to interfere with commerce in violation of the Hobbs Act, 18 U.S.C. § 1951 (Count 5), seeks to exclude any evidence of the guns possessed by his co-conspirators, and, in particular, the testimony of Robert Hathaway of the Rhode Island crime lab concerning the operability of those firearms. Defendant claims that this evidence is "irrelevant to any of the issues presented in this case", and as such is inadmissible. This argument goes nowhere. As already noted, the defendant is charged with conspiracy to commit an armed robbery of cocaine dealers in violation of the Hobbs Act. The fact that his co-conspirators possessed firearms as they gathered with the defendant to commit the armed robbery is plainly relevant to this charge.

**BACKGROUND**

In March and April of 2007, the defendant met several times with undercover ATF Special Agent Wing Chau. During these meetings,

the defendant offered to provide a “crew” to commit a robbery, at gunpoint, of Providence cocaine dealers. During one of the meetings, Special Agent Chau asked the defendant whether his “crew” would have “burners”, a street term for firearms. The defendant indicated that they would. During another meeting, the defendant told Special Agent Chau that his entire crew would need to carry firearms when committing the robbery. On several occasions, the defendant asked Special Agent Chau to provide one firearm for use by his “crew”.

On April 26, 2007, Special Agent Chau drove to Providence to meet the defendant and his “crew”. Once there, the defendant and his “crew”, Nheat Nhim, Vixay Phommarath and Khek Choummalaithong, got into Special Agent Chau’s undercover car. As he got into the back seat, Choummalaithong was carrying a shotgun wrapped in a sweatshirt. Special Agent Chau then drove to a storage facility located in Cranston, Rhode Island. During the drive to and once at the storage facility, Special Agent Chau, the defendant, Nhim, Choummalaithong and Phommarath discussed the robbery plan. Nhim, Phommarath and Choummalaithong confirmed that they knew that the plan was to “go grab some coke dealers.” Nhim, Phommarath and Choummalaithong all confirmed that they had firearms. At the storage facility, as previously requested by the defendant, Special Agent Chau provided the defendant with a nine millimeter Smith and Wesson semi-automatic pistol (unknown to the defendant, its firing pin had been removed for safety reasons). At the storage facility, the defendant, Nhim, Phommarath and Choummalaithong discussed the order

in which they would enter the house, a determination ultimately made based on who had the largest caliber firearm, or, in their parlance, “the biggest shit.” An ATF Special Response Team then moved in, and took the defendant, Nhim, Phommarath and Choummalaithong into custody.

Nhim, Phommarath and Choummalaithong were all wearing latex rubber gloves when they were arrested. The defendant, Phommarath and Choummalaithong all possessed bandannas. Nhim possessed a black ski mask. ATF Special Agents recovered two loaded handguns and a loaded 12 gauge shotgun from the area where the defendant, Nhim, Phommarath and Choummalaithong were arrested.

**ARGUMENT**

To establish that defendant conspired to interfere with commerce by robbery in violation of the Hobbs Act, 18 U.S.C. § 1951, the government must prove the following elements: (1) the existence of a conspiracy, or agreement, between the defendant and one or more persons; (2) to commit a robbery; (3) affecting commerce. 18 U.S.C. § 1951. See United States v. Palmer, 203 F.3d 55, 63 (1st Cir. 2000)(holding, in Hobbs Act robbery conspiracy case, that “[t]he gist of conspiracy is an agreement to disobey or disregard the law”); United States v. Nguyen, 246 F.3d 52, (1st Cir. 2001)(“The Hobbs Act prohibits robbery or conspiracy to rob where such crime ‘in any way or degree, obstructs, delays, or affects commerce.’”)(quoting 18 U.S.C. § 1951(a)). The Hobbs Act defines “robbery” as “the unlawful taking or obtaining of personal property from the person or in the

presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property . . . ." 18 U.S.C. § 1951(b)(1)(emphasis added).

The fact that the defendant's co-conspirators possessed firearms on the night that they and the defendant met with Special Agent Chau to stage for the robbery is plainly relevant to at least two elements of the Hobbs Act conspiracy charge. First, the fact that all of the defendant's co-conspirators, along with the defendant, possessed firearms on that night is evidence that there existed an agreement among them -- an agreement to rob cocaine dealers. The fact that they were all armed -- like the fact that they were all wearing dark clothing, like the fact that they all possessed something to cover their faces, and like the fact that three of the four were wearing rubber gloves -- demonstrates that they were on the same page, with a common intent. Second, the fact that all of the defendant's co-conspirators had firearms is probative of the fact that the object of the conspiracy was to steal cocaine by way of robbery -- by means of "actual or threatened force, or violence, or fear of injury."

Evidence that the defendant's co-conspirators possessed working firearms on the night of the planned robbery is therefore highly relevant to at least two elements of one of the charges against the defendant. There is no unfair prejudice here, as Rule 403 requires for such highly probative evidence to be excluded. United States

v. Whitney, ___ F.3d ___, 2008 WL 1851095 at *6 (1st Cir. April 28, 2008)("Rule 403 explicitly states [that] the law shields the defendant 'against unfair prejudice, not against all prejudice.'") (quoting United States v. Smith, 292 F.3d 90, 99 (1st Cir. 2002))(emphasis in original). Accord, United States v. Gonzalez-Sanchez, 825 F.2d 572, 581 (1st Cir. 1987)( With respect to prejudice, the test is not whether "the evidence is incriminating; [] all highly probative evidence is highly prejudicial in this sense. The question is whether the defendant suffers unfair prejudice.")(emphasis in original). The defendant is charged with conspiring, or agreeing or planning, with others to commit a robbery at gunpoint. The fact that everyone had guns on the night that the robbery was to go down is of course relevant to that charge. There is nothing unfair about such evidence. The defendant's motion should be denied.

Respectfully submitted,
UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Peter F. Neronha

PETER F. NERONHA
Assistant U.S. Attorney
RI Bar No. 5327
U.S. Attorney's Office
50 Kennedy Plaza – 8th Fl.
Providence, RI 02903
Tele: (401) 709-5000
FAX: (401) 709-5001
peter.neronha@usdoj.gov

Dated: May 27, 2008

Certificate of Service

I hereby certify that on the 27th day of May, 2008, a copy of the within "Government's Opposition To Defendant's Motion In Limine To Exclude Testimony of Robert Hathaway" was served by way of the Electronic Filing System on Mary S. McElroy, Esq., Assistant Federal Defender and Counsel for the Defendant, 10 Weybosset Street, 3rd Floor, Providence, RI 02903.

/s/ Peter F. Neronha
PETER F. NERONHA
Assistant U.S. Attorney
RI Bar No. 5327
U.S. Attorney's Office
50 Kennedy Plaza – 8th Fl.
Providence, RI 02903
Tele: (401) 709-5000
FAX: (401) 709-5001
peter.neronha@usdoj.gov