**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR-07-138S** |
| | : | |
| **SOUVANH KEOSOUVANH** | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S "MOTION IN LIMINE TO EXCLUDE CO-DEFENDANTS' STATEMENTS"**

The defendant is charged in the Indictment with two counts of conspiracy: (1) conspiracy to possess with intent to distribute five kilograms or more of cocaine (Count 1); and (2) conspiracy to interfere with commerce by robbery, in violation of the Hobbs Act (Count 3). The defendant now moves to exclude, before trial, statements made by the defendant's co-conspirators (in his presence) in furtherance of that conspiracy. The defendant's motion is, at best, premature, and should be denied.

**BACKGROUND**

In March and April of 2007, the defendant met several times and had several telephone conversations with undercover ATF Special Agent Wing Chau. During these meetings and telephone conversations, the defendant offered to provide a "crew" to commit a robbery, at gunpoint, of Providence cocaine dealers. On April 26, 2007, Special Agent Chau drove to Providence to meet the defendant and his "crew". Once there, the defendant and his "crew", Nheat Nhim, Vixay Phommarath

and Khek Choummalaithong, got into Special Agent Chau's undercover car. All of the men were wearing dark clothing. As he got into the back seat, Choummalaithong was carrying a shotgun wrapped in a sweatshirt. Special Agent Chau then drove to a storage facility located in Cranston, Rhode Island.

During the drive to and once at the storage facility, Special Agent Chau, the defendant, Nhim, Choummalaithong and Phommarath discussed the robbery plan, including how much cocaine would be in the house, where the cocaine would be located within the house, and how many people would be in the house when they robbed it. Nhim, Phommarath and Choummalaithong confirmed that they knew that the plan was to "go grab some coke dealers." They also confirmed that they all had firearms. At the storage facility, as requested by the defendant, Special Agent Chau provided him with a nine millimeter Smith and Wesson semi-automatic pistol (unknown to the defendant, its firing pin removed for safety reasons). After the defendant, Nhim, Phommarath and Choummalaithong discussed the order in which they would enter the house, their conclusion based on who was carrying the highest caliber weapon, an ATF Special Response Team moved in, and took the defendant, Nhim, Phommarath and Choummalaithong into custody. It is the statements of Nihm, Phommarath and Choummalaithong during the car ride to and at the storage facility, all captured on audio and video tape and made in the presence of the defendant, that the defendant would have this Court exclude from

evidence.

## ARGUMENT

"Federal Rule of Evidence 801(d)(2)(E) provides that 'a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy' is not hearsay evidence and is admissible for the truth of the matter asserted." United States v. Castellini, 392 F.3d 35, 50 (1st Cir. 2004). In the First Circuit, "coconspirator statements are only admissible under Rule 801(d)(2)(E) if the trial court finds it 'more likely than not that the declarant and the defendant were members of a conspiracy . . . and that the statement was in furtherance of the conspiracy.'" Id (quoting United States v. Petrozziello, 548 F.2d 20, 23 (1st Cir. 1977)). Under this standard, in order for the district court to admit a statement of a co-conspirator against the defendant, it must find, "by a preponderance of the evidence, that there was an existing conspiracy at the time [the coconspirator] made the statements, that [the defendant] was involved in the conspiracy at some point, and that the statements were made in furtherance of the conspiracy." Id at 51. This is the familiar "Petrozziello ruling."

A coconspirator statement, standing alone, does not satisfy the preponderance standard. United States v. Sepulveda, 15 F.3d 1161, 1181-82 (1st Cir. 1993). To meet the foundational requirement, the government must tender "sufficient evidence [independent of the statement] to establish, by a preponderance of the evidence, the

existence of a conspiracy embracing both the declarant and the defendant." United States v. Piper, 298 F.3d 47, 52 (1st Cir. 2002). Proof of the existence of and membership in the conspiracy does not require the government to "'establish that the [members] knew or agreed upon every detail of the conspiracy,' but only 'the essential nature of the plan and their connections with it.'" United States v. Sanchez-Berrios, 424 F.3d 65, 75 (1st Cir. 2005)(quoting United Statez v. O'Campo, 973 F.2d 1015, 1019 (1st Cir. 1992)). The conspiracy, or agreement, between the defendant and his co-conspirators, "may be either express or tacit," and "may be proven by direct or circumstantial evidence." United States v. Benevides, 985 F.2d 629, 633 (1st Cir. 1993)(citing United States v. Tejada, 974 F.2d 210, 212 (1st Cir. 1992)). "It follows logically that the conspiracy's existence, and a particular defendant's membership in it, may be inferred from the participants' 'words and actions and the interdependence of activities and persons involved.'" United States v. Hernandez Vega, 230 F.3d 1347 (table), 2000 WL 1521770 at *1 (1st Cir. 2000)(quoting United States v. Boylan, 898 F.2d 230, 241-42 (1st Cir. 1990)).

The procedures by which co-conspirator statements are admitted (or excluded) are equally well-settled in this Circuit. The Petrozziello ruling is made only at the conclusion of all the evidence. United States v. Capelton, 350 F.3d 231, 241 (1st Cir. 2003). The trial court is therefore not required to decide the

Petrozziello question for each piece of evidence at each step along the way. Rather, the court admits the evidence provisionally "subject to [a] final Petrozziello determination, which should be made 'at the close of all the evidence' and 'out of the hearing of the jury.'" United States v. Portela, 167 F.3d 687, 702 (1st Cir. 1999); United States v. Isabel, 945 F.2d 1193, 1199, n.10 (1st Cir. 1991). If, at the close of the evidence, the Court determines that its "provisional" decision to admit certain co-conspirator statements, when viewed in retrospect, was incorrect, the appropriate remedy is to strike the offending statements and caution the jury with appropriate instructions. United States v. Bradshaw, 281 F.3d 278, 283 (1st Cir. 2002). In Bradshaw, the First Circuit explained that it had "constructed a model for the handling of evidence proffered under Rule 801(d)(2)(E)":

> That model authorizes the trial court to admit conditionally alleged coconspirator statements. At the close of all the evidence, the court then makes a final determination as to the admissibility of the evidence. If the court ultimately concludes that the provisionally admitted evidence does not satisfy the applicable standard, it must give a cautionary instruction to the jury, or, upon an appropriate motion, declare a mistrial if the instruction will not suffice to cure any prejudice.

281 F.3d at 283 (internal citations omitted).

Here, with respect to the statements of co-conspirators Nhim, Phommarath and Choummalaithong, the defendant asks this Court to toss aside these well-settled procedures, and instead, apparently even before the trial begins, "make a determination as to their admissibility before the statements are presented to the jury." Defendant's Memorandum at 3. The defendant does not cite a single case supporting his argument. Perhaps this is because in United States v. Baltas, 236 F.3d 27 (1st Cir. 2001), the First Circuit rejected a similar argument. In Baltas, the defendant was charged with various crimes arising from his involvement in a motorcycle gang. 236 F.3d at 27. The charges included RICO conspiracy, substantive RICO, a drug conspiracy, and several substantive offenses. Id. At trial, the district court provisionally admitted a number of co-conspirator statements relevant to the RICO charges. Id at 34. At the end of the government's case, however, the court granted the defendant's Rule 29 motion on those counts. Id. Additionally, the court granted the defendant's motion to strike the previously admitted statements. Id.

On appeal, the defendant claimed that the district court should have held a pretrial hearing on the admissibility of the statements. Id. Had it done so, he argued, none of the prejudicial - and ultimately irrelevant statements - would have reached the jury. Id. The First Circuit rejected the argument, and again endorsed "[t]he usual course of action in this circuit," that is, to admit

the statements provisionally "subject to [a] final Petrozziello determination . . . made at the close of all the evidence . . . ." Id at 35. The Court, affirming the conviction, noted with approval that the district court had appropriately admitted the statements provisionally "even though it had to subsequently strike some of them . . . due to its ruling on [the defendant's] Rule 29 motion." Id.

As a substantive matter, there can be no serious dispute that, at the time of Nhim's, Phommarath's and Choummalaithong's statements, made while they and the defendant staged for the robbery, the four men were members of a conspiracy, and the statements were made in furtherance of that conspiracy. Nevertheless, the procedures for handling co-conspirator statements are well-settled in this Circuit, and there is no reason to abandon them in this case. The defendant's motion should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Peter F. Neronha
PETER F. NERONHA
Assistant U.S. Attorney
RI Bar No. 5327
U.S. Attorney's Office
50 Kennedy Plaza – 8th Fl.
Providence, RI 02903
Tele: (401) 709-5000
FAX: (401) 709-5001

peter.neronha@usdoj.gov

Dated: May 27, 2008

Certificate of Service

I hereby certify that on the 27th day of May, 2008, a copy of the within "Government's Opposition To Defendant's "Motion In Limine To Exclude Co-Defendants' Statements" was served by way of the Electronic Filing System on Mary S. McElroy, Esq., Assistant Federal Defender and Counsel for the Defendant, 10 Weybosset Street, 3rd Floor, Providence, RI 02903.

/s/ Peter F. Neronha
PETER F. NERONHA
Assistant U.S. Attorney
RI Bar No. 5327
U.S. Attorney's Office
50 Kennedy Plaza – 8th Fl.
Providence, RI 02903
Tele: (401) 709-5000
FAX: (401) 709-5001
peter.neronha@usdoj.gov