UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

United States of America
Plaintiff,

v. CR. No. 07-138-01S

Souvanh Keosouvanh
Defendant.

**PRETRIAL SCHEDULING ORDER**

**Criminal Case**

The above matter having been placed on the trial calendar for **October 7, 2008** with empanelment scheduled for **October 7, 2008**, it is hereby ORDERED:

**PLEAS AND PLEA AGREEMENTS:**

1. Absent a showing of good cause:

a. No plea agreements providing for the dismissal of other counts (See Fed. R. Crim. P. 11(c)(1)(A)) will be accepted unless sufficient information is presented to enable the Court to determine what effect such dismissal may have on the applicable sentencing guideline range and whether the remaining charges adequately reflect the seriousness of actual offense behavior. See U.S.S.G. § 6B1.2(a).

b. No pleas will be accepted by the Court during the one week period preceding impanelment unless they have been scheduled before that period.

Counsel also are reminded that, under Guidelines § 3E1.1(b)(2), only timely pleas qualify for a three level

reduction for acceptance of responsibility.

**PRE-TRIAL MOTIONS:**

2. Any pretrial motions not subject to the deadline for filing motions set forth in the Arraignment and Pretrial Discovery Order must be filed on or before **September 23, 2008** Responses to any such motions must be filed on or before **September 30, 2008.**

**PRE-TRIAL MEMORANDA:**

3. On or before **September 30, 2008** all counsel shall submit to the Court the following:

a. An original and one copy of a memorandum containing a brief analysis of the applicable law (including that applicable to any evidentiary issues that counsel anticipate), and a description of any matters that counsel believe ought to be considered by the Court prior to trial;

b. A list of all questions that counsel requests the Court to ask of prospective jurors during voir dire examination.

**PROPOSED JURY INSTRUCTIONS:**

4. On or before **September 30, 2008** the government shall submit its proposed jury instructions to the defendants. Prior to impanelment, counsel shall meet and confer for the purpose of discussing any modifications proposed by the defendants and shall make an effort to reach agreement with respect to a joint request for jury instructions. Such meeting shall be initiated by counsel for the defendants.

As soon as possible thereafter (<u>but, in any event, no later than the date on which trial commences</u>), counsel shall submit their joint request for jury instructions to the Court. If counsel

cannot agree upon a complete set of instructions, counsel shall submit the portion on which they have agreed; and, in addition, each party shall submit any supplemental instructions requested by that party and upon which no agreement could be reached.

Each request shall be numbered and shall be set forth on a separate page in order to facilitate possible integration into the Court's charge. Requested instructions that have not been agreed upon shall contain citations to the legal authority for such instruction.

When all parties have rested, or at such earlier time as the Court designates, counsel will be afforded an opportunity to submit supplemental requests for jury instructions with respect to unanticipated issues raised by the evidence presented. Individual requests for supplemental instructions will not be considered unless the requesting party makes a strong showing that, in the exercise of due diligence, it could not have made the request on or before the date on which trial commenced.

Any claim or defense for which no proposed charge is submitted may be deemed waived and failure to object to any proposed charge, as hereinbefore provided, may be deemed a waiver of any objection to such proposed charge.

**ESTIMATE OF TRIAL LENGTH:**

5. On or before **September 23, 2008**, counsel for each party shall submit to the Court a precise estimate regarding the number of days required to present his or her case.

**RECORDED CONVERSATIONS:**

6. On or before **September 23, 2008** counsel for any party that proposes to offer a recorded conversation or any portion thereof as evidence shall:

a. Furnish the Court and counsel with a chronologically arranged list showing the date of, participants in, and approximate playing time of each such recording.

b. Furnish the Court and counsel with transcripts of each such conversation.

In offering recorded conversations, counsel shall edit out footage that contains no audible discussion or contains irrelevant material so that the jury will not be required to listen for protracted periods of time to portions of recordings that provide little or no assistance in determining the pertinent facts. In order to achieve that objective, counsel shall meet and confer, in advance, in an effort to resolve any disputes with respect to editing.

Within seven days after such transcripts have been furnished, counsel for any party disputing the audibility, completeness, or admissibility of any such recording or the accuracy of such transcript shall file an objection identifying the recording and/or transcript or the particular portion to which objection is being made as well as the nature of and grounds for the objection. In the case of objections that any portion of a recorded conversation has been omitted, the party making such objection shall set forth the omitted potion(s) of the recording(s) together with a statement explaining why the omitted portion(s) should be included.

Memoranda in support of objections to the accuracy or completeness of transcripts shall be accompanied by copies of the transcripts objected to on which proposed deletions and corrections are noted.

Any disputes regarding editing and/or the accuracy of transcripts shall be called to the Court's attention promptly.

Failure to comply with the provisions of this paragraph may be considered by the Court as a waiver by the proponent of the right to offer the recorded conversation(s) at issue; or, alternatively, as a waiver of the right to object to admission of the recorded conversation(s) and/or to dispute the accuracy or completeness of the transcript, as the case may be.

**EXHIBIT LISTS:**

7. Before presenting evidence, each party shall submit to the Court a typed or printed list, double spaced, of all exhibits that such party intends to offer. In the case of the government, the exhibits shall be numbered in sequential order (e.g., 1, 2, 3, etc.). In the case of the defendant, the exhibits shall be marked alphabetically (e.g., A, B, C, etc.).

At or before the conclusion of the evidence, counsel for each party shall submit a "clean" list of exhibits offered by such party that have been admitted into evidence. Such lists shall be in a form suitable for submission to the jury and shall set forth the following information with respect to each exhibit to the extent applicable:

a. Exhibit Number

b. Date

c. A brief description of the exhibit that will enable

the jurors to identify it but which does not characterize the exhibits or its contents (e.g. letter from A to B; photograph of 100 Main Street).

BY ORDER:

Wendy Seite
Deputy Clerk

ENTER:

/s/William E. Smith
William E. Smith
United States District Judge

Date: September 5, 2008

N:\My Documents\ORDERS\19-Criminal pretrial order - Judge Smith.wpd